UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| GAIL ARDITO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-12108-LTS |
| | ) | |
| DEPARTMENT OF THE TREASURY | ) | |
| | ) | |
| Defendant. | ) | |

ORDER ON DEFENDANT'S[1] MOTION TO DISMISS

January 31, 2014

SOROKIN, C.M.J.

The United States seeks dismissal of the Complaint (Doc. No. 1) filed against it by the pro se plaintiff, Gail Ardito, for lack of subject matter jurisdiction, Fed. R. Civ. P. 12(b)(1), and failure to state a claim, Fed. R. Civ. P. 12(b)(6). For the reasons that follow, the motion (Doc. No. 9) is ALLOWED, and the Complaint is DISMISSED without prejudice to Ardito to amend her Complaint by filing a motion within fourteen days.

I.   BACKGROUND

The following facts are drawn from Ardito's Complaint.[2] The Court notes here that

---

[1] The United States, and not the Department of the Treasury, answers this complaint, correctly asserting it is the proper defendant. Under any formulation of Ardito's Complaint, whether a negligence action under 26 U.S.C. § 7433(a), or an action for a refund of penalties under 26 U.S.C. § 7422(a), (f)(1), or both, the appropriate defendant is the United States. For the purposes of this Order, therefore, the Court assumes the defendant is the United States.
[2] "When a district court considers a Rule 12(b)(1) motion, it must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." Merlonghi v. United States, 620 F.3d 50, 54 (1st Cir. 2010); see also Arturet-Velez v. R.J. Reynolds Tobacco Co., 429 F.3d 10, 13 (1st Cir. 2005) (factual allegations recited as if true for purposes of Fed. R. Civ. P. 12(b)(6) motions).

Ardito's Complaint is somewhat of a running narrative which she separates into sections labeled as Counts.  Her "ADDENDUM" to her Complaint (Doc. No. 8) and her Opposition to the United States' Motion to Dismiss (entitled "Objection to Defendants [(*sic*)] Motion to Dismiss") (Doc. No. 14) clarify her Complaint a bit.  The Court grants Ardito some leeway in the formulation of her Complaint, and will endeavor to interpret it, given that Ardito is a pro se plaintiff.

For the last forty years, Ardito has been the owner of a nursery and pre-school.  Doc. No. 1, ¶ 1.  Twenty-five years ago, she hired a CPA as her accountant.  Id. at 4, Count Six.  Approximately ten years ago, this accountant "began preparing fraudulent tax returns for clients, by fabricating tax returns to produce higher tax refunds[.]"  Id.  He substantially understated Ardito's gross receipts, thereby decreasing her claimed tax burden.  Id. at 4-5, Count Six.  Ardito's troubles began when the United States sought a preliminary injunction against her accountant to enjoin him from further preparing fraudulent tax returns.  Doc. No. 1-1 at 1.  The court granted the injunction and ordered Ardito's accountant to provide to the United States a list of all clients for whom he had prepared any tax-related documents, including tax returns, since January 1, 2004.  Id. at 32, ¶ 4.

Ardito, since, has struggled with the Internal Revenue Service ("IRS"), over a two-year period, to find a solution to her underpayments.  Doc. No. 1 at 5, ¶ 2.  She has incurred thousands of dollars in fees for tax and legal help in redoing her S corporation and individual tax returns for the years 2007 through 2010 and for interest and penalties applied to her underpayments.  Id. ¶¶ 2-3.  Ardito charges the IRS with negligence and failing to give her "deserved" penalty abatements.  Id. at 2-4, Count One and Two, Count Five and Six.  According to Ardito, the IRS was negligent in 1) knowing of the accountant's fraudulent conduct without correcting it or warning Ardito, Doc. No. 1 at 2, Count Two; 2) losing certain of Ardito's

resubmitted returns and being unresponsive to her attempts to repair her accountant's mishandling of her taxes, Id. at 3, Count Five; and, possibly, 3) licensing and regulating malfeasant tax professionals such as her accountant, Id. at 4, Count Six.

On August 28, 2013, Ardito filed her Complaint in this Court seeking recovery of the expenses she has incurred in trying to rectify her tax problems, an injunction to prevent further IRS action against her, and an abatement of her penalties.  Her Complaint asserts jurisdiction of this Court pursuant to 26 U.S.C. § 7609, though her ADDENDUM, Doc. No. 8, and her "Opposition," Doc. No. 14, indicate that this is a negligence action under 26 U.S.C. § 7433. Ardito declares in her "Opposition" that this "is not a tax or penalty issue, it is negligence and mis management [(*sic*)] issue," and that the "request for penalties abated is part of the relief asked for and part of the negligence claim."  Doc. No. 14, at 1.

On October 28, 2013, the United States filed a motion to dismiss "Counts" One through Five of Ardito's Complaint pursuant to Fed. R. Civ. P. 12(b)(1), on jurisdictional sufficiency grounds, and "Count Six" pursuant to Fed. R. Civ. P. 12(b)(6), as "blatantly frivolous."  Doc. No. 9.

II.     STANDARD OF REVIEW

    A.  Fed. R. Civ. P. 12(b)(1) Subject Matter Jurisdiction

"There are two types of challenges to a court's subject matter jurisdiction: facial challenges and factual challenges. 'Facial attacks on a complaint require the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in [plaintiff's] complaint are taken as true for purposes of the motion.'" Torres-Negron v. J & N Records, LLC, 504 F.3d 151, 162 (1st Cir. 2007) (quoting Scarfo v. Ginsberg, 175 F.3d 957, 960 (11th Cir. 1999)) (further internal quotations omitted).  Where the movant

contests the pleader's factual allegations of jurisdiction, "then he is deemed to be challenging the actual existence of subject matter jurisdiction, and the allegations of the complaint are not controlling." Id. at 162 n.8.

    B.  Fed. R. Civ. P. 12(b)(6) Failure to State a Claim

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The Court "must take the allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiff[]." Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). "[F]actual allegations" must be separated from "conclusory statements in order to analyze whether the former, if taken as true, set forth a plausible, not merely a conceivable, case for relief." Juarez v. Select Portfolio Servicing, Inc., 708 F.3d 269, 276 (1st Cir. 2013) (internal quotations omitted). This "highly deferential" standard of review "does not mean, however, that a court must (or should) accept every allegation made by the complainant, no matter how conclusory or generalized." United States v. AVX Corp., 962 F.2d 108, 115 (1st Cir. 1992). Dismissal for failure to state a claim is appropriate when the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir. 1997) (quoting Gooley v. Mobil Oil Corp., 851 F.2d 513, 515 (1st Cir. 1988)) (internal quotation marks omitted).

III.     DISCUSSION

    A.  Counts One through Five

In its motion to dismiss, the United States challenges, under Fed. R. Civ. P. 12(b)(1), the facial sufficiency of Ardito's Complaint as to this Court's subject matter jurisdiction.[3] It argues correctly that Ardito's claim of jurisdiction under 26 U.S.C. § 7609, is faulty. Section 7609 governs special procedures for third-party summonses. 26 U.S.C. § 7609 (setting forth notice requirements and other provisions pertaining to Secretary's authority to summon production of documents and appearance of persons to determine correctness of tax returns and tax liabilities). It does not provide a basis for subject matter jurisdiction in the initiation of a cause of action against the Government. Moreover, Ardito's Complaint pleads no facts relating to a third-party summons or any reason to invoke § 7609.

Nonetheless, for the purposes of this Order, the Court accepts Ardito's supplementation in her ADDENDUM, Doc. No. 8, and her "Opposition," Doc. No. 14, declaring that her Complaint distills down to a single count of negligence pursuant to 26 U.S.C. § 7433.[4]

Section 7433 provides a cause of action as follows:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence, disregards any provision of this title, . . . such taxpayer may bring a civil action for damages against the United States in a district court of the United States.

Ardito's Complaint alleges, inter alia, that "[t]he [I]nternal Revenue Service gross nonfeasance has caused the plaintiff immeasurable psychological harm with possible physical manifestations.

---

[3] The United States also argues that Ardito's Complaint fails under Fed. R. Civ. P. 12(b)(6) because Fed. R. Civ. P. 8(a)(1) requires that "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction[.]" Fed. R. Civ. P. 8(a)(1). This, however, is properly articulated as a facial challenge to subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1). See Torres-Negron, 504 F.3d at 162 n.8.

[4] Insofar as the Complaint is more properly construed as a claim for a "deserved Penalty abatement," or a refund of any alleged excessive portion of the penalties assessed against Ardito, and already paid by her, the Court lacks subject matter jurisdiction due to Ardito's failure to exhaust her administrative remedies. See 26 U.S.C. §§ 6532, 7422(a); 28 U.S.C. § 1346(a)(1); Francis P. Harvey & Sons, Inc. v. I.R.S., No. 03-40097-FDS, 2004 WL 2915309, at *5 (D. Mass. Dec. 2, 2004).

5

The IRS full well knew of the fraudulent activity and fabrication of tax returns being done by her accountant . . . over a period beginning [in] 2004, possibly as early as 1999." Doc. No. 1 at 2. "The defendant IRS on two occasions made claims th[at] a tax return was not filed and because of that, the Plaintiff was not in Compliance and could not be put on a payment plan. . . . The Plaintiff[']s tax return was filed during the fall of a particular year and acknowledged in writing by the IRS the following January[.] [B]y March the IRS said they had no record o[f] the tax return and that they were filing a substitute tax return." Doc. No. 1 at 3.

While Ardito's Complaint appears to sound in negligence, "[a] judgment for damages shall not be awarded under [§ 7433](b) unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). The corresponding regulations at 26 C.F.R. § 301.7433-1, prohibit a civil action under § 7433 in a federal district court prior to filing an administrative claim. 26 C.F.R. § 301.7433-1(d). Subsection (e) sets forth the procedure and requirements for submitting an administrative claim; what information the claim must include and that it must be sent in writing to the Area Director. 26 C.F.R. § 301.7433-1(e). The regulations prescribe additional limitations, in concert with § 7433, such as a cap on claimed damages and a two-year period of limitations after a cause of action accrues within which a party must bring a civil action in federal court. 26 C.F.R. § 301.7433-1(e)(1) and (g).

Ardito's Complaint does not allege that she followed the administrative procedures. She does not state that she submitted a claim to the Area Director or took any of the steps listed in 26 C.F.R. § 301.7433-1. Furthermore, she provides very few dates with which a court could determine when her cause of action, if any, accrued. Ardito's Complaint states only that she "[has] been trying and corresponding over a two year period to resolve this matter. The matter

currently is being considered under appeal[.]" Doc. No. 1 at 2, Count One.  First, it is unclear whether Ardito has brought her Complaint in this Court within the two-year statute of limitations.  Second, Ardito does not explain in what manner, or in what venue, this matter "is being considered under appeal." Id.  Because Ardito does not show that she exhausted her administrative remedies prior to filing her Complaint, this Court has no jurisdiction over the matter.  See Richman v. United States, 709 F.2d 122, 124 (1st Cir. 1983); Strategic Energy, LLC v. W. Mass. Elec. Co., 529 F. Supp. 2d 226, 232 (D. Mass. 2008).  Therefore, Counts One through Five are DISMISSED without prejudice.

    B.  Count Six

The United States argues that Count Six of Ardito's Complaint fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6), because it does nothing more than "blame[] the United States for her misfortunes of hiring a 'shady' accountant[,]" and alleges no wrongdoing on the part of the IRS.  The Court agrees, and construes Ardito's "Count Six" as furthering her narrative in support of her negligence claim under 26 U.S.C. § 7433.  At most, Ardito hints at a reliance on her malfeasant accountant based on his licensure and regulation by the Government.  Doc. No. 1 at 4, Count Six.  However, she provides no facts in Count Six that could serve as the basis for a separate cause of action.  Because Count Six fails to meet the threshold under Fed. R. Civ. P. 12(b)(6) to state a claim for relief, it is DISMISSED without prejudice.

IV.    CONCLUSION

For the foregoing reasons, the United States' Motion to Dismiss (Doc. No. 9) is ALLOWED.  Ardito's Complaint is DISMISSED without prejudice to Ardito filing, **within fourteen days**, a motion to amend the Complaint, attaching to the motion a proposed draft Complaint, which must plead, sufficiently, her exhaustion of administrative remedies as well as

all other requirements for a complaint.  In the event that Ardito does not file such motion within fourteen days, the Court will enter judgment of dismissal without prejudice, and close this case. Finally, Ardito's Motion to Amend her Complaint (Doc. No. 15) is ALLOWED to the extent herein described, and otherwise DENIED.

SO ORDERED.

    /s / Leo T. Sorokin
Leo T. Sorokin
Chief United States Magistrate Judge